# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CARLOS GARZA, JR.,<br>                Appellant,<br><br>       v.<br><br>DEPARTMENT OF HOMELAND<br>   SECURITY,<br>                Agency. | DOCKET NUMBER<br>DA-0752-15-0161-I-1<br><br><br>DATE: January 11, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carlos Garza, Jr., McAllen, Texas, pro se.

Eric J. Drootman, Edinburg, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      On December 1, 2014, the appellant received a decision letter informing him that the agency was removing him from his GS-12 Border Patrol Agent position for conduct unbecoming a Border Patrol Agent effective that day. Initial Appeal File (IAF), Tab 5 at 12-15. The decision letter informed the appellant that he could contest his removal by electing one of several procedures outlined in the letter and provided the time limits for each option. *Id.* at 13-15. The appellant filed an appeal through the Board's electronic filing system, e-Appeal, on January 4, 2015, 4 days past the deadline for filing a Board appeal. IAF, Tab 1; *see* IAF, Tab 5 at 13-14.

¶3      On January 9, 2015, the administrative judge notified the appellant that his appeal appeared to be untimely filed and ordered him to submit evidence and argument within 10 calendar days showing that his appeal was timely filed or, in the alternative, that good cause existed for the delay. IAF, Tab 3. The appellant did not respond, and, on March 17, 2015, the administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown for the delay. IAF, Tab 7, Initial Decision (ID). The initial decision advised the appellant that he had the option to file a petition for review with the Board by April 21, 2015, or, if he proved that he received the initial decision more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. ID at 4-5.

¶4      On August 25, 2015, the appellant submitted a request to reopen "an appeal dismissed without prejudice." Petition for Review (PFR) File, Tab 1. On September 2, 2015, the Clerk of the Board issued an acknowledgment letter informing the appellant that the initial decision did not dismiss his appeal without prejudice, but rather dismissed it as untimely filed and that the Board would consider his request to reopen as a petition for review of the initial decision. PFR File, Tab 4 at 1. The acknowledgement letter further informed the appellant that

his petition for review was untimely filed because it was not postmarked or received by the Board on or before April 21, 2015, the 35th day following the issuance of the initial decision.  *Id.* at 2.  The letter directed the appellant to submit a motion asking the Board to accept his petition for review as timely filed or to waive the time limit for good cause, accompanied by a statement signed under penalty of perjury or an affidavit showing either that his petition was timely filed or that there is good cause for the late filing, on or before September 17, 2015.  *Id.*  On October 5, 2015, the Board received the appellant's affidavit and motion to waive the time limit on the grounds that, among other things, he did not understand that he could request review of the initial decision and that he had been in a "depressive state" for months after his termination.[2]  PFR File, Tab 6 at 2-5.  The agency responded in opposition to the appellant's petition for review.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board will waive its filing deadline only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(g).  To establish good cause for the untimely filing of a petition for review, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of

---

[2] The appellant's motion to waive the time limit for his petition for review was untimely filed by at least 10 days; the Clerk of the Board directed him to submit a motion on or before September 17, 2015, but his motion was dated September 27, 2015, and was received by the Clerk of the Board on October 5, 2015.  PFR File, Tab 4 at 2, Tab 6. Because the appellant's motion to waive the time limit is itself untimely filed without good cause shown, we need not consider it.

circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Gaetos*, 121 M.S.P.R. 201, ¶ 5; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd,* 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        As stated in the initial decision and the petition for review acknowledgment letter, the deadline for filing a petition for review of the March 17, 2015 initial decision was April 21, 2015. ID at 4; PFR File, Tab 4 at 2. Thus, the appellant's August 25, 2015 petition for review was filed approximately 4 months late, which is significant. *See, e.g.*, *Bennett v. Department of Veterans Affairs*, 97 M.S.P.R. 1, ¶ 7 (2004) (finding a more than 3-month delay significant); *Summers v. U.S. Postal Service*, 87 M.S.P.R. 403, ¶¶ 6, 12 (2000) (finding delays of nearly 1 month and of 15 days significant), *aff'd*, 25 F. App'x 827 (Fed. Cir. 2001). As noted above, the Clerk of the Board issued a petition for review acknowledgment letter to the appellant, which, in part, informed him that his petition for review was untimely filed and afforded him the opportunity to show good cause for his filing delay. PFR File, Tab 4. However, the appellant failed to respond to the acknowledgment letter within the time limit provided and, when he did respond, failed to offer any explanation as to why he had been unable to submit a timely response. PFR File, Tab 6. Thus, despite his pro se status, we find that the appellant has failed to demonstrate good cause for the untimeliness of his petition for review. *See Garside v. Office of Personnel Management*, 109 M.S.P.R. 65, ¶ 6 (2008).

¶7        Even if we were to consider the appellant's untimely motion to waive the time limit for his untimely petition for review, the outcome would be the same. In his affidavit, the appellant states that he thought his appeal was dismissed in January 2015, and that he did not understand that he could file a petition for review of the initial decision. PFR File, Tab 6 at 2-3. An appellant's confusion

and lack of sophistication, which contribute to a late filing, may be taken into account when determining whether good cause for a late filing exists. *Forst v. Office of Personnel Management*, 97 M.S.P.R. 142, ¶ 7 (2004). An appellant must show, however, that such confusion is related to a specific ambiguity in either the instructions he received or in a Board procedure. *Id.* Here, although the appellant asserts that he mistakenly believed that he could not request review of the initial decision because his case was already closed, he has not identified a specific ambiguity in the initial decision or in any other instructions he received warranting his mistaken belief. PFR File, Tabs 1, 6. The initial decision, in fact, explicitly stated that the appellant could "request Board review of this initial decision by filing a petition for review" and explained how to do so. ID at 5. The initial decision further provided the appellant with the exact date on which it would become final unless he filed a petition for review with the Board. ID at 4. Thus, the appellant's alleged confusion about his ability to request review of the initial decision does not contribute to a finding of good cause for his untimely petition for review.

¶8        The appellant also states in his affidavit that he was in a "depressive state" for months after his termination and that his "fragile mental state" may have contributed to his misunderstandings. PFR File, Tab 6 at 3. The Board will find good cause for an untimely filing when a party demonstrates that he was unable to timely file his petition due to illness, or mental or physical incapacity. *Holley v. U.S. Postal Service*, 97 M.S.P.R. 20, ¶ 8 (2004). To establish that the untimely filing was the result of a medical condition, an appellant must identify the time period during which he was incapacitated, submit medical evidence showing that he suffered from the alleged medical condition during the time period, and explain how the medical condition prevented him from timely filing his petition or a request for extension of time. *Id.* Here, although the appellant was notified of the requirements for showing that his untimely filing was the result of a

medical condition, PFR File, Tab 4 at 7 n.1, he has failed to submit any medical records showing that his alleged medical condition prevented him from filing a timely petition for review. PFR File, Tab 6. As such, the appellant's alleged medical impairment does not establish good cause for his untimely filed petition for review.

¶9    In light of the foregoing, we dismiss the appellant's petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the timeliness of the appellant's initial appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.